UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL B. DORSEY, JR., )<br>)<br>  *Plaintiff*, )<br>)<br>v. )<br>)<br>HD LIQUORS, )<br>)<br>  *Defendant*. ) | Civil Action No. 25-1189 (UNA) |

### MEMORANDUM OPINION

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1).[1] The Court GRANTS the application and DISMISSES the complaint without prejudice.

Plaintiff, a District of Columbia resident, Compl. ¶ 5, brings a putative class action suit, *see id*. ¶¶ 14-16, against "a business entity operating a liquor store" in the District of Columbia, *id*. ¶ 7. He alleges that Defendant discriminates against homeless persons and African Americans "seeking to patronize its business." *Id*. ¶ 8. Defendant allegedly violated the District of Columbia Human Rights Act, *see id*. ¶¶ 17-18, and an implied agreement "to treat all paying customers fairly and respectfully," *id*. ¶ 19, and intentionally caused Plaintiff emotional distress, *see id*. ¶¶ 21-22. Plaintiff demands a declaratory judgment, compensatory damages, and an apology from Defendant, among other relief. *See id*. at 4.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the

---

[1] Although four individuals signed the complaint, *see* Compl. at 5, because only Michael B. Dorsey, Jr., filed an application to proceed *in forma pauperis*, the Court proceeds with Mr. Dorsey as the sole Plaintiff.

amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction.  *See* FED. R. CIV. P. 8(a).

To the extent Plaintiff's claims arise solely under District of Columbia law, the Court lacks both federal question jurisdiction and diversity jurisdiction.  Although Plaintiff's demand for damages exceeds the $75,000 threshold, he fails to allege facts sufficient to establish diversity; rather, it appears that both parties reside or conduct business in the District of Columbia.

Even if Plaintiff alleged a sufficient basis to invoke the Court's subject matter jurisdiction, Plaintiff could prosecute only his own claims.  *See* 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (holding that individual who is "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in the District Court . . . as counsel for others").  "As a general rule applicable here, a *pro se* litigant can represent only himself in federal court." *Cannady v. State of Missouri*, No. 1:15-cv-0073 (CRC), 2015 WL 358236, at *1 (D.D.C. Jan. 13, 2015).  This case is not currently a class action, and the Court may not designate it as such, given that Plaintiff is proceeding *pro se*.  *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (denying class certification and appointment of plaintiff as class representative where plaintiff was "an incarcerated pro se litigant without legal training who is . . . not able adequately to represent the proposed class"); *Paulson v. Apple Inc.*, No. 1:15-cv-0556 (RWR), 2015 WL 1825283, at *1 (D.D.C. Apr. 13, 2015) (dismissing "'Class

Action Complaint' . . . because a *pro se* party, such as plaintiff, cannot represent a class or any other individual in federal court").

Finally, Plaintiff does not allege facts sufficient to state an individual, federal law claim for discrimination, even if the Court were to construe the complaint as raising such a claim. Title II of the Civil Rights Act of 1964—the most likely statutory basis for Plaintiff's claim—provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion or national origin." 42 U.S.C. § 2000a(a). As an initial matter, Plaintiff's discrimination claims based on "appearance, housing status, . . . or perceived associations" would be dismissed because those characteristics are not covered by Title II. Although race is a covered trait, Plaintiff's race discrimination claim would ultimately fare no better. Aside from the conclusory allegation that Defendant engaged in "discriminatory treatment of . . . African American residents," Compl. ¶ 1, Plaintiff does not allege that his race had anything to do with his altercation with the cashier, *id.* ¶ 9. Because none of Plaintiff's factual allegations supports a plausible inference that Defendants' employee's conduct was based on Plaintiff's race, the Court concludes that Plaintiff's complaint would fail to state a claim under Title II. *See Delk v. PNC Bank, N.A.*, 749 F. Supp. 3d 77, 90 (D.D.C. 2024).

An Order is issued separately.


DATE: June 12, 2025                    /s/
                                       RANDOLPH D. MOSS
                                       United States District Judge